IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC B. WINTER<br>11 Beech Leaf Court<br>Towson, MD 21286<br>    Plaintiff, | *<br>*<br>*<br>* |
| vs. | *   CIVIL ACTION NO.:<br>* |
| TONYA PINKINS<br>C/o Vanguard Management<br>220 Fifth Avenue<br>New York, New York 10001<br>    Defendant. | *<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

**COMES NOW,** the Plaintiff ERIC B. WINTER, by and through Lorraine Lawrence-Whittaker, Attorney-At-Law, **and McAndrews Whittaker, PC**, his attorneys, and hereby sues TONYA PINKINS. Plaintiff states the following unto this Honorable Court:

    1. That the Plaintiff has been a resident of the State of Maryland for more than one (1) year prior to the filing of this Complaint;

    2. That the Defendant has been a resident of the State of New York for more than one (1) year prior to the filing of this Complaint;

    3. That the jurisdiction of this Court is proper pursuant to 28 USC 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States;

4. That the parties are married, and have a divorce pending in the Riverside County Superior Court, which was filed by the Plaintiff on or about August 26, 2011;

5. That the aforesaid divorce proceedings are highly contentious, to the extent that the Plaintiff, through his attorney in California, Erik J. Bradford, filed a Memorandum of Points and Authorities in Support of Finding Respondent TONYA PINKINS to be a Vexatious Litigant based upon the numerous motions Defendant filed against the Plaintiff, the majority of which were denied or vacated by the Riverside County Superior Court of California;

6. That the Defendant's actions throughout the parties' divorce proceedings have been motivated by ill will and malice directed at the Plaintiff, in an attempt to improperly influence the parties' divorce proceedings;

7. That the Defendant's actions throughout the parties' divorce proceedings have been motivated by ill will and malice directed at the Plaintiff, in an attempt to besmirch the Plaintiff's reputation and standing in the community;

8. That the Defendant has repeatedly and consistently engaged in posting on the internet patently false allegations regarding the Plaintiff, including, but not limited to, alleging that the Plaintiff is a "racist," alleging that the Plaintiff had engaged in acts of domestic violence upon her and also upon his ex-wife; that the Plaintiff has made threats against her life; alleged that the Plaintiff is a danger to her life and that of her children; alleged that the Plaintiff has installed spyware devices on her electronic devices, including her telephones, computer, and ipads; alleged that the Plaintiff was physically abusive to his son Zachary; alleged that the Plaintiff was responsible for the Defendant losing custody of her daughter; alleged that the Plaintiff stalks and harasses

both she and her children; alleged that the Plaintiff is impotent; and alleged that the Plaintiff is an alcoholic and a drug addict;

9. That the Defendant has repeatedly filed applications for protective orders against the Plaintiff, including, but not limited to, alleging domestic violence and abuse on the part of the Plaintiff in the State of California[1] and in the State of New York, alleging, *inter alia*, that the Plaintiff has made threats to kill her, specifically, by injecting her with succinylcholine, that the Plaintiff engages in stalking and harassing her and her children to the extent that she has developed post-traumatic stress disorder and lives in fear for her life;

10. That both the Courts in California and New York have denied the Defendant's numerous Petitions for Protective Orders, as the Courts found insufficient evidence to grant Domestic Violence Restraining Orders;

## COUNT I - MALICIOUS USE OF PROCESS

11. Plaintiff hereby incorporates the foregoing paragraphs and further alleges as follows:

12. That on September 8, 2011, the Defendant filed in the Riverside County Superior Court of California a Request for a Domestic Violence Order against the Plaintiff, alleging, *inter alia*, that the Plaintiff had installed spyware equipment on her phone and computer, was intercepting her communications, destroying her documents and data, and threatening to kill her. Attached and incorporated by reference into this

---

[1] Plaintiff and Defendant were married in the State of California on June 29, 2009, and resided there together. Plaintiff filed for a Petition for Dissolution of Marriage from the Defendant on August 26, 2011, and said Petition is pending in the Riverside County Superior Court of California Case No.: RID 1104042. The Defendant moved to the State of New York on September 30, 2011.

Complaint as ***Exhibit 1*** is a copy of Defendant's aforesaid Request for Domestic Violence Order;

13. That the Riverside County Superior Court of California denied the Defendant's aforesaid Petition for a temporary restraining order due to insufficient evidence of the Defendant's allegations. Attached and incorporated by reference into this Complaint as ***Exhibit 2*** is a copy of a Notice of Court Hearing evidencing the Court's denial of Defendant's Petition for a temporary restraining order;

14. That the Defendant's aforesaid Request for Domestic Violence Order was set in for a hearing at the Riverside County Superior Court of California on September 29, 2011. At the hearing, Defendant's Request for Domestic Violence Order was denied as the Court found insufficient evidence to find abuse, and found that the Defendant had filed the aforesaid Request for the purpose of gaining financial support from the Plaintiff. Attached and incorporated by reference into this Complaint as ***Exhibit 3*** is a copy of a Transcript from the hearing on September 29, 2011;

15. That at the aforesaid hearing on September 29, 2011, the Defendant admitted that she had written a check in the amount of $6,400.00 from an account that was in the Plaintiff's name only, for which she had no signing privileges, and which the Plaintiff had closed. At that point in the hearing, the Judge stated that the Defendant needed to be advised of her Fifth Amendment rights. ***Please see Exhibit 3, Page 18, Lines 1 – 21;***

16. That on January 30, 2012, the Defendant again filed in the Riverside County Superior Court of California a Request for a Domestic Violence Order against the Plaintiff, alleging, *inter alia*, that the Plaintiff had threatened to kill her with a drug

known as succinylcholine. Attached and incorporated by reference into this Complaint as *Exhibit 4* is a copy of Defendant's aforesaid Request for Domestic Violence Order;

17. That on February 1, 2012, the Riverside County Superior Court of California denied the Defendant's aforesaid Petition for a temporary restraining order as the Court found, *inter alia*, that there was no immediate threat of harm to the Defendant. Attached and incorporated by reference into this Complaint as *Exhibit 5* is a copy of a Notice of Court Hearing evidencing the Court's denial of Defendant's Petition for a temporary restraining order;

18. That the aforesaid Request for Domestic Violence Order was reset for a hearing on February 22, 2012. The said hearing was continued to March 15, 2012, as the Defendant had left the Court prior to the hearing being called. The court date for the March 15, 2012 hearing was vacated.

19. That on February 20, 2013, the Defendant filed a Request for Domestic Violence Order against the Defendant in the Riverside County Superior Court of California, alleging, *inter alia*, that the Plaintiff harassing and threatening her and her children. Attached and incorporated by reference into this Complaint as *Exhibit 6* is a copy of Defendant's aforesaid Request for a Domestic Violence Order;

20. That the Riverside County Superior Court of California denied the Defendant's aforesaid Petition for a temporary restraining order due to insufficient evidence of the Defendant's allegations. Attached and incorporated by reference into this Complaint as *Exhibit 7* is a copy of a Notice of Court Hearing evidencing the Court's denial of Defendant's Petition for a temporary restraining order;

21. That the Plaintiff, through his attorney in California, Erik J. Bradford, filed a

Memorandum of Points and Authorities in Support of Finding Respondent TONYA PINKINS to be a Vexatious Litigant based upon the numerous motions Defendant filed against the Plaintiff, the majority of which were denied or vacated by the Riverside County Superior Court of California. Attached and incorporated by reference into this Complaint as *Exhibit 8* is a copy of Plaintiff's aforesaid Memorandum;

22. That the Defendant TONYA PINKINS instituted against the Plaintiff the aforesaid Court domestic violence proceedings in both California and New York State;

23. That the Defendant lacked probable cause for initiating and/or instituting the aforesaid proceedings against the Plaintiff;

24. That the Defendant initiated and/or instituted the aforesaid proceedings against the Plaintiff with malice;

25. That the Defendant initiated and/or instituted the aforesaid proceedings against the Plaintiff in bad faith;

26. That each and every aforesaid domestic violence proceeding against the Plaintiff was eventually terminated in the Plaintiff's favor;

27. That the Plaintiff sustained special injury as a result of the Defendant TONYA PINKIN'S malicious use of process in that the Plaintiff suffered special damages including, but not limited to, interference with his business interests, a loss of his employment, and extraordinary costs incurred to defend himself against out of state claims;

WHEREFORE, Plaintiff respectfully demands judgment against Defendant TONYA PINKINS in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) compensatory damages, and Five Hundred Thousand Dollars ($500,000.00) punitive damages, with interest and costs.

## COUNT II – INVASION OF PRIVACY – PLACING A PERSON IN A FALSE LIGHT

28. That the Plaintiff hereby incorporates the foregoing paragraphs and further alleges as follows:

29. That the Defendant maintains a blog on the internet known as "tonyatology," located at www.tonyatology.blogspot.com;

30. That the Defendant has posted on the internet at various sites, including, but not limited to her aforesaid blog known as "tonyatology," various derogatory statements regarding the Plaintiff;

31. That such derogatory statements include, but are not limited to, allegations that the Plaintiff is a racist; that the Plaintiff is a drug abuser and alcoholic; allegations that the Plaintiff has threatened to kill her; allegations that the Plaintiff was using spyware on her electronic devices; phones, computer, ipads and reading her journals to deceive her into believing that he was a far different individual than she initially perceived; and allegations that the Plaintiff is impotent;

32. That the Defendant knew that the Plaintiff was not a racist, not a drug abuser or an alcoholic, that the Plaintiff had never threatened to kill her, and that the Plaintiff had never installed spyware on any of her electronic devices, phones, computer or ipads, nor was he reading her journals. Alternatively, Defendant published facts about Plaintiff's life in a reckless manner;

33. That the Defendant improperly publicized facts about the Plaintiff which placed the Plaintiff is a false light by attributing to him conduct and characteristics which were false;

34. That the Defendant knew that the facts publicized about the private life of the

Plaintiff were false, or printed them with a reckless disregard for the truth of those facts;

35. That the publication of these facts was highly offensive to any reasonable person;

36. That as a result of Defendant's aforesaid conduct, the Plaintiff suffered damages;

WHEREFORE, Plaintiff demands judgment against Defendant TONYA PINKINS for compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), with interest and costs.

## COUNT III – DEFAMATION

37. That the Plaintiff hereby incorporates the foregoing paragraphs and further alleges as follows:

38. That the Defendant has posted on the internet at various sites, including, but not limited to her aforesaid blog known as "tonyatology," various derogatory statements regarding the Plaintiff;

39. That such derogatory statements include, but are not limited to, allegations that the Plaintiff is a racist; that the Plaintiff is a drug abuser and alcoholic; allegations that the Plaintiff has threatened to kill her; allegations that the Plaintiff was using spyware on her electronic devices; phones, computer, ipads and reading her journals to deceive her into believing that he was a far different individual than she initially perceived;

40. That in the aforesaid internet postings, Defendant TONYA PINKINS knowingly made the false and defamatory statements about the Plaintiff;

41. That, in the alternative, the Defendant negligently made the aforementioned false and defamatory statements about the Plaintiff;

42. That the Defendant published this false and defamatory publication to the internet, where a reasonable person would understand these aforesaid publications to be defamatory;

43. That the Defendant acted with knowledge of the falsity of the statements and with the intent to harm the Plaintiff's standing in the community and his professional reputation when publishing these false and defamatory statements about the Plaintiff;

44. That as a result of the false and defamatory statements published by the Defendant, the character and reputation of the Plaintiff were harmed, his standing in the community was impaired, and he suffered mental anguish and personal humiliation;

WHEREFORE, the Plaintiff demands Two Hundred Fifty Thousand Dollars ($250,000.00) in compensatory damages and Five Hundred Thousand Dollars ($500,000.00) in punitive damages, plus interest and costs.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. That the Plaintiff hereby incorporates the foregoing paragraphs and further alleges as follows:

46. That the Defendant's aforesaid conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff;

47. That the aforesaid conduct of the Defendant was extreme and outrageous and beyond the bounds of decency in society;

48. That the aforesaid conduct of the Defendant was malicious, willful, and intentional;

49. That as a result of the aforesaid conduct and actions of the Defendant, the Plaintiff has suffered, and will continue to suffer, severe and extreme emotional distress;

WHEREFORE, Plaintiff demands judgment against Defendant TONYA PINKINS for compensatory damages in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), and punitive damages in the amount of One Million Dollars ($1,00,000.00), plus interest and costs of this action and such other relief as his cause requires.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury as to all counts.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Respectfully submitted,

/s/

---

Lorraine Lawrence-Whittaker, Attorney-At-Law, #26913
**McAndrews Whittaker, PC**
5300 Dorsey Hall Drive, Suite 100
Ellicott City, MD 21042
(410) 997-4100; (410) 997-4272 (F)
lorraine@mcandrewswhittaker.com
Attorneys for Plaintiff