IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIC B. WINTER,** | * | |
| **Plaintiff** | * | |
| v. | * | **CIVIL NO. JKB-14-2125** |
| **TONYA PINKINS,** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Eric B. Winter ("Plaintiff") brought this suit against Tonya Pinkins ("Defendant") for alleged malicious use of process, invasion of privacy, defamation, and intentional infliction of emotional distress. Now pending before the Court is Defendant's motion to dismiss for lack of personal jurisdiction. (ECF No. 8.) The issues have been briefed (ECF Nos. 8, 12, 13), and no hearing is required, Local Rule 105.6. For the reasons explained below, Defendant's motion to dismiss will be GRANTED to the extent that the case will be TRANSFERRED to the United States District Court for the Southern District of New York.

A.   **BACKGROUND**[1]

In 2011, Plaintiff filed a petition in California's Riverside County Superior Court to divorce Defendant. (ECF No. 1 ¶ 4.) The parties have since separated and the divorce remains pending; Plaintiff now resides in Maryland and Defendant resides in New York. (*Id.* ¶¶ 1, 2, 4.) A string of contentious litigation followed the divorce petition. (*Id.* ¶¶ 11-27.)

---

[1] The Court here recounts the facts as alleged by the Plaintiff, the non-moving party. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).

Count I of Plaintiff's complaint alleges that Defendant initiated a series of court proceedings against Plaintiff—in California and New York—without probable cause, with malice, and with bad faith. (*Id.* ¶¶ 11-27.) Counts II through IV all claim that Defendant attacked Plaintiff's character through web activity on her personal blog, Facebook, Twitter, reportyourex.com, and datingpsychos.com. (*Id.* ¶¶ 28-49.)

Defendant filed this motion to dismiss for lack of personal jurisdiction on August 14, 2014 (ECF No. 8), along with an affidavit supporting her argument, (ECF No. 8-1). Plaintiff responded on September 4, and also moved to strike Defendant's affidavit. (ECF No. 12.)

**B.    LEGAL STANDARD**

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) is a test of the court's personal jurisdiction over the defendant. "[W]hen, as here, the court addresses the question [of personal jurisdiction] on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).

**C.    ANALYSIS**

**1.  Personal Jurisdiction and Maryland's Long-Arm Statute**

Defendant moves to dismiss Plaintiff's claims for lack of personal jurisdiction. "A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). Courts have consistently held that Maryland's long-arm statute "is coextensive

with the limits of personal jurisdiction set by the due process clause of the Federal Constitution." *Beyond Sys., Inc. v. Realtime Gaming Holding Co., LLC*, 878 A.2d 567, 576 (Md. 2005).

The Maryland Court of Appeals has clarified, however, that this does not mean "that it is now permissible to simply dispense with analysis under the long-arm statute. . . . Rather . . . we interpret the long-arm statute to the limits permitted by the Due Process clause when we can do so consistently with the canons of statutory construction." *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006). "In practical terms, then, the due process limitation defines the outer perimeter of Maryland's long-arm statute, but does not eliminate the need to identify a prong of the statute that appears to confer jurisdiction." *Beyond Sys., Inc. v. Kennedy W. Univ.*, 2006 WL 1554847, at *4 (D. Md. 2006); *see also Pharmabiodevice Consulting, LLC v. Evans*, 2014 WL 3741692, at *3 (D. Md. 2014); *Fertel v. Davidson*, 2013 WL 6842890, at *2 n.4 (D. Md. 2013).

Maryland's long-arm statute, codified as Courts and Judicial Proceedings § 6-103, explains under what circumstances a Maryland court has personal jurisdiction over a non-resident defendant:

> A. If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.
>
> B. A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
>    1. Transacts any business or performs any character of work or service in the State;
>    2. Contracts to supply goods, food, services, or manufactured products in the State;
>    3. Causes tortious injury in the State by an act or omission in the State;
>    4. Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

> 5. Has an interest in, uses, or possesses real property in the State; or
> 6. Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.  Md. Code Ann., Cts. & Jud. Proc., § 6-103.

Plaintiff has failed to identify which statutory provision confers personal jurisdiction over Defendant.  That said, the Court has identified subsections (b)(3) and (b)(4) as the only feasible provisions since they both reach tortious injuries like those that Plaintiff alleges.  The language of subsections (b)(3) and (b)(4) separate "the elements of 'act' and 'injury,' and requir[e] either (1) that both the act and the injury occur in Maryland"—falling under (b)(3)—"or (2) that if only the injury occurred in Maryland, the non-resident have some other significant contacts with Maryland"—falling under (b)(4).  *Craig v. Gen. Fin. Corp. of Il.*, 504 F. Supp. 1033, 1036 (D. Md. 1980).

### a. Subsection (b)(3)

Subsection (b)(3) does not confer personal jurisdiction because Defendant's allegedly tortious acts did not occur in Maryland.  "Courts have held that this subsection requires that both the tortious injury and the tortious act must have occurred in Maryland."  *Dring v. Sullivan*, 423 F. Supp. 2d 540, 546 (collecting cases); *see also Zinz v. Evans & Mitchell Indus.*, 324 A.2d 140, 144 (Md. Ct. Spec. App. 1974) ("The causal act is separated from the resulting injury.  Both elements must be present before personal jurisdiction will be inferred.").

Harmful speech *occurs* in the state where the speech originates.  In *Dring*, a non-resident defendant used a listserv to circulate an e-mail that allegedly harmed a Maryland resident.  *Dring*, 423 F. Supp. 2d at 542-44.  The court found "no evidence that Defendant sent the e-mail in question from Maryland."  *Id.* at 546.  He merely "sat at a computer in New Jersey."  *Id.* Consequently, the court dismissed the complaint for lack of personal jurisdiction.  *Id.* at 549.

Likewise, a non-resident defendant in *Zinz* mailed copies of an allegedly defamatory letter to Maryland residents. *Zinz*, 324 A.2d at 142-43.  The court compared Maryland's long-arm statute to those found in Washington D.C. and Virginia, noting that provisions analogous to (b)(3) did not confer jurisdiction over defendants who made defamatory phone calls, or wrote and mailed defamatory letters, from out-of-state. *See id.* at 144-45 (citing *Margoles v. Johns*, 483 F.2d 1212 (D.C. Cir. 1973); *St. Clair v. Righter*, 250 F. Supp. 148 (W.D. Va. 1966)).  The Maryland court agreed with these interpretations, and dismissed plaintiff's claims for lack of personal jurisdiction.[2]

Plaintiff's complaint alleges two forms of tortious conduct: malicious use of process and harmful speech.  The alleged malicious use of process occurred "in both California and New York State," but not in Maryland.  (ECF No. 1 ¶ 22.)  Similarly, Plaintiff has failed to argue, let alone make a *prima facie* showing, that Defendant's harmful speech originated in Maryland.  Defendant claims that she has lived in New York since October 2011 and that she has never lived in Maryland.  (ECF No. 8 at 1.)  Plaintiff's complaint appears to confirm this, stating that "Defendant has been a resident of the State of New York for more than one (1) year prior to the filing of this Complaint."  (ECF No. 1 ¶ 2.)  Plaintiff does not contend—and the Court has no basis to suspect—that Defendant traveled into Maryland before posting the allegedly harmful speech.  Thus, the Court does not hold jurisdiction over Defendant under subsection (b)(3), where the alleged tortious activity all occurred outside of Maryland.[3]

---

[2] One could argue that globalization renders the concept of personal jurisdiction imperfect.  Advances in communication technology offer near-instantaneous connections between citizens around the world, weakening our perception of state borders.  Yet personal jurisdiction law continues to adhere to physical boundaries between judicial fora.  The Court is bound to follow the law of personal jurisdiction in its current form regardless of the modern weakening of boundaries and borders, at least until relevant legislative bodies and higher courts perceive and respond to the same changes.

[3] Plaintiff may have a viable argument that his *injury* occurred in Maryland, though even that second element of (b)(3) must be considered carefully.  The Fourth Circuit has developed a test for determining whether public comments posted online, available worldwide, cause injury in a particular state for the purpose of personal

### b. Subsection (b)(4)

Subsection(b)(4) similarly does not confer personal jurisdiction over Defendant because she does not "regularly do[] or solicit[] business, engage[] in any other persistent course of conduct in the State or derive[] substantial revenue from goods, food, services, or manufactured products used or consumed in the State." Md. Code Ann., Cts. & Jud. Proc. § 6-103(b). Subsection (b)(4) extends jurisdiction to certain tortious acts that occur outside of Maryland, but it "require[s] greater contacts tha[n] those necessary to establish jurisdiction under other subsections of Maryland's long-arm statute." *Cong. Bank v. Potomac Educ. Found., Inc.*, 2014 WL 347632, at *5 (D. Md. 2014). "[I]solated telephone calls and e-mails made from outside Maryland into the state, without more, are insufficient . . . ." *Pharmabiodevice*, 2014 WL 3741692, at *4 (collecting cases).

Defendant does not do business or derive substantial revenue from Maryland. Moreover, Defendant's limited contacts with Maryland through the Internet do not demonstrate a "persistent course of conduct": All told, Plaintiff alleges approximately ten harmful web postings from 2012-2013. Thus, the Court does not hold jurisdiction over Defendant under subsection (b)(4).

### c. The Court Lacks Personal Jurisdiction Over Defendant

Maryland's long-arm statute does not confer personal jurisdiction over Defendant, and so the Court need not wade into the due process limits on personal jurisdiction. Therefore, the only remaining question is whether the Court should dismiss Plaintiff's complaint or transfer the case to a proper venue.

---

jurisdiction. *See generally Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 399 (4th Cir. 2003). The Court's jurisdiction over Defendant fails on (b)(3)'s first element, however, and so the Court need not address whether Plaintiff's alleged injury occurred in Maryland.

## 2. Transfer to a Proper Venue

In the interests of justice, the Court will transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a).[4] "[T]he Fourth Circuit has adopted a reading of section 1406(a) authorizing transfer 'for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district.'" *Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 522 (D. Md. 2003) (quoting *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988)). "Lack of personal jurisdiction is one such 'impediment,'" and "[w]hether to dismiss or transfer an action under section 1406(a) rests within the discretion of the court." *Mycosafe Diagnostics GMBH v. Life Technologies Corp.*, 2013 WL 145893, at *7 (D. Md. 2013).

The parties in this case are engaged in a lengthy and contentious dispute following their marital separation. In the interest of justice, the Court opts to transfer this case to avoid further delays. Defendant concedes that any New York federal court "is legally entitled to exercise jurisdiction over this matter." (ECF No. 13 at 10.) She also claims that she has resided in New York since Fall 2011 and her court filings list Defendant's address in Manhattan. (ECF No. 8 at 1.) Plaintiff does not offer his own alternative venue. Thus, the Southern District of New York is a proper venue for Plaintiff's claims.

## CONCLUSION

Accordingly, an order shall issue GRANTING Defendant's motion to dismiss for lack of personal jurisdiction to the extent that it shall DIRECT the clerk to TRANSFER the case to the

---

[4] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

United States District Court for the Southern District of New York.  (ECF No. 8.)  In light of this order, Plaintiff's motion to strike is no longer ripe before this Court.  (ECF No. 12.)

DATED this 29th day of October, 2014.

                                                BY THE COURT:

                                                _____/s/_____

                                                James K. Bredar
                                                United States District Judge